UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JESSIE NICHOLE CRUZ, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 3:24-cv-00162-GCS |
| F.C.I GREENVILLE, and T. LILLARD, | ) ) ) |
| Respondents. | ) ) ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Petitioner Jessie Nichol Cruz, a federal prisoner incarcerated at the Federal Correctional Institution at Greenville, Illinois ("FCI-Greenville"), filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on January 24, 2024. (Doc. 1). In her habeas petition, Petitioner seeks a one-year sentence reduction pursuant to 18 U.S.C. § 3621(c) asserting that she has completed the Residential Drug Abuse Treatment Program ("RDAP"). *Id.* at p. 2. She also argues that she is eligible to earn First Step Act ("FSA") time credits. *Id.* Petitioner claims she is entitled to the benefits of these sentence reduction programs because a recent decision of the Supreme Court and United States Sentencing Commission purportedly found that violations of § 924(c) do not qualify as crimes of violence. *Id.* at p. 6. On March 13, 2024, Respondents filed a Response to the Petition. (Doc. 12). For the reasons set forth below, the Petition for Writ of Habeas Corpus is **DENIED**. (Doc. 1).

## BACKGROUND

On April 21, 2021, Petitioner was sentenced in the United States District Court for the Western District of Washington to an 84-month term of imprisonment for Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846; Possession of a Firearm with an Obliterated Serial Number in violation of 26 U.S.C. §§ 5842, 5861(h), and 5871, and 18 U.S.C. § 2; and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c). (Doc. 12, Exh. 1, p. 1-2); (Doc. 12, Exh. 1, p. 6 -7). Petitioner's current projected release date is July 12, 2026, via good-conduct time release. *See* ("Jessie Cruz", BOP Inmate Locator).[1]

Prior to filing the present petition, Petitioner filed Administrative Remedy Appeals with the Central Office regarding her eligibility for relief under RDAP and the FSA. (Doc. 1, p. 25-28). Petitioner's Appeals were denied on November 1, 2023, and September 8, 2023, respectively. *Id.* at p. 25, 27. The Administrator denied Petitioner's Appeal for relief under RDAP because of her conviction for possession of a firearm in furtherance of a drug trafficking crime. *Id.* at p. 27. The Acting Administrator denied Petitioner's Appeal for relief under the FSA, finding her ineligible for federal time credit due to her "current offense under 18 U.S.C. § 924(c)." *Id.* at p. 25.

In support of her Petition for Writ of Habeas Corpus, Petitioner submitted documentation demonstrating that she completed the RDAP program on September 1, 2023. (Doc. 1, p. 18). She also submitted her RDAP Treatment Summary dictated by

---

[1]   Available at https://www.bop.gov/inmateloc//.

Heather Johnson, MA, CADC. *Id.* at p. 15-17. Johnson commended Petitioner for her consistent "willingness and determination to meet her treatment goals." *Id.* at p. 16. While Petitioner reportedly still struggles with "an aggressive communication style," Johnson recalled that her contributions to group discussions demonstrated good insight and benefitted the entire group. *Id.* Johnson concluded that Petitioner's prognosis was "GOOD" due to "mild pre-treatment impairment, successful completion of treatment goals, and a positive post-treatment environment." *Id.*

Petitioner also submitted her Inmate Education Transcript, which includes a detailed breakdown of the classes, work programs and apprenticeships she has completed during her incarceration. (Doc. 1, p. 19). The transcript indicates that Petitioner has completed approximately 340 hours of coursework in a variety of subjects, including accounting, maintenance performance, Spanish, and communications. *Id.* Petitioner currently works in the Food Service Warehouse and has received positive work evaluations. *Id.* at p. 10.

Lastly, Plaintiff submitted two letters of support - one from each of her daughters. (Doc. 1, p. 29-32). The eldest daughter, Kylie Nydoska, writes that she has seen "a complete three-sixty" in her mother since she has been incarcerated. *Id.* at p. 29. She praises her mother for being "so productive" during her time in prison, and in her opinion, she believes that her mother has "become a new person." *Id.* at p. 19-20. Petitioner's youngest daughter, Carmella Casablanca, writes that her mother has done "the biggest 180" she has ever seen and asserts that her mother is capable of "being a great citizen on the outside." *Id.* at p. 32.

#### APPLICABLE LEGAL STANDARD

A petitioner may bring a petition under 28 U.S.C. § 2241 to challenge the fact or duration of the petitioner's confinement. *See Alhassan v. Hagee*, 424 F.3d 518, 521-522 (7th Cir. 2005); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted only where the prisoner is "in custody" in violation of the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). The federal prisoner may challenge the execution of his or her sentence under 28 U.S.C. § 2241 in the district of incarceration. *See Taylor v. Lariva*, No. 15-3182, 638 Fed. Appx. 539, 541 (7th Cir. April 14, 2016) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992)). Exhaustion of administrative remedies is a prerequisite to filing a petition, and it requires "complete exhaustion", even if the appeals process results in the denial of requested relief. *Greene v. Meese*, 875 F.2d 639, 640 (7th Cir. 1989).

#### DISCUSSION

**A.    Petitioner's Claim for a Sentence Reduction under RDAP.**

Petitioner asserts that having completed RDAP she is entitled to "consideration of up to one year off [her] sentence." (Doc. 1, p. 2). Respondents contend that the Petitioner's petition fails because (1) the relief she seeks under RDAP is unavailable; (2) judicial review of a decision of the Bureau of Prison ("BOP") denying her relief is precluded under the Administrative Procedures Act ("APA"); and (3) the Petitioner is ineligible for relief under RDAP due to her conviction for a crime of violence. (Doc. 12, p. 8-10). The Court agrees with all three grounds advanced by Respondents.

Turning to Respondent's first ground for denial, Petitioner is, in fact, precluded

from the relief she seeks under the present petition. This is because the only relief she could obtain is an order directing the BOP to reconsider her early release, as opposed to an order requiring the BOP to release her or release her earlier. As such, habeas corpus is not the proper vehicle for the petitioner's claims. *See, e.g.*, *Durance v. Cross*, Civil No. 13-926-CJP, 2014 WL 285095, at *2 (S.D. Ill. Jan. 27, 2014) (citing *Richmond v. Scibana*, 387 F. 3d 602, 605 (7th Cir. 2004) (noting that "[t]he difference between a claim of entitlement to be released, and an opportunity to be considered for release, also affects the choice between § 2241 and a mundane civil action.").

Respondent's second ground for denial is equally persuasive. To the extent that Petitioner seeks relief under the APA relating to her eligibility for a sentence reduction under Section 3621(e), her claim is barred by statute. This is because determinations of sentence reduction under 18 U.S.C. § 3621 are excluded from judicial review under the APA. *See* 18 U.S.C. § 3625. Under 3621(e)(2)(B), "Congress delegated to the Bureau broad discretion to grant or deny the one-year reduction to eligible prisoners upon successful completion of the [Residential Drug Abuse Program]." *Durance*, 2014 WL 285095, at *2 (citing *Lopez v. Davis*, 531 U.S. 230, 241 (2001)). "Congress further specified that the Bureau's discretionary determinations made pursuant to § 3621 are not subject to judicial review under the APA." *Id.* (citing 18 U.S.C. § 3625). "Therefore, decisions made by the BOP to expel a particular prisoner from the RDAP, or to deny a sentence reduction for completion of the program may not be challenged under the APA." *Id.* (citing *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011)).

Even if Respondents' first two arguments fail, Respondents have also

demonstrated that Plaintiff was properly deemed ineligible for a sentence reduction pursuant to § 3621(e). RDAP is an intensive drug treatment program for federal inmates with documented substance abuse problems. *See* 28 C.F.R. § 550.53. To successfully complete RDAP, inmates must complete a unit-based component (minimum 500 hours), follow-up services, and a transitional drug abuse treatment component. *Id.* For inmates who successfully complete RDAP, the BOP has the discretion to grant an early release of up to one year. *See* 18 U.S.C. § 3621(e)(2)(B). However, inmates convicted of a violent offense are categorically ineligible for the early release incentive. Specifically, the sentence reduction under RDAP is limited to inmates "convicted of a nonviolent offense[.]" *Id.* Congress did not define the term "non-violent"; rather it allowed the BOP to use its discretion in implementing the statute. *Parsons v. Pitzer*, 149 F.3d 734, 737 (7th Cir. 1998).

The BOP has since promulgated formal regulations to provide guidance on the use of that discretion. *See* Drug Abuse Treatment Programs: Early Release Considerations, 60 FED. REG. 27692 (May 25, 1996) (codified as 28 C.F.R. § 550.58 (1995), replaced by 28 C.F.R. § 550.55 (2016)). In 1997, the BOP promulgated a new program statement, PS 5162.04, Categorization of Offenses, which relied on the Director's discretion to promulgate a framework by which the BOP would review current offenses to determine if they were "nonviolent offenses." The United States Supreme Court determined that such discretion was a permissible exercise granted by 18 U.S.C. § 3621(e), as the BOP's decision to preclude such inmates from release was reasonable. *See, e.g., Lopez v. Davis,* 531 U.S. 230, 244 (2001) (noting that "[t]he Bureau reasonably concluded that an inmate's prior

involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision.").

The BOP most recently re-promulgated RDAP in 2009. Like its predecessor, the 2009 regulation relies upon the Director's discretion to exclude inmates from early release based on their current felony convictions. *See* 28 C.F.R. § 550.55(b). Contemporaneously, the BOP also replaced PS 5162.04 with PS 5162.05, Categorization of Offenses, which remains the BOP's current policy statement addressing the analysis of an inmate's current convictions for RDAP early release purposes. Per 28 C.F.R. § 550.55(b)(5), the BOP may preclude an inmate from receiving early release if that inmate has a current felony conviction for:

> (i) An offense that has as an element, the actual, attempted, or threatened use of physical force against the person or property of another;
> (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);
> (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; or
> (iv) An offense that, by its nature or conduct, involves sexual abuse offenses committed upon minors.

28 C.F.R. § 550.55(b)(5) (emphasis added). Moreover, PS 5162.05 provides that convictions under 18 U.S.C. § 924(c) are categorized as crimes of violence in all cases, thereby precluding an inmate from receiving certain program benefits, including the early release incentive for completion of RDAP.

As previously mentioned, on April 21, 2021, one of the convictions for which

Petitioner was sentenced included the offense for Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C § 924(c). An offense review was completed on July 7, 2022, wherein it was determined that Petitioner was precluded from receiving an 18 U.S.C. § 3621(e) early release for RDAP completion due to her conviction under 18 U.S.C. § 924(c) pursuant to Program Statement 5162.05, Categorization of Offenses. (Doc. 12, Exh. 1, p. 3-4). Additionally, Petitioner's 924(c) conviction was also determined to preclude early release eligibility pursuant to 28 C.F.R. §§ 550.55(b)(5)(ii) and (iii) insofar as it (1) involved the carrying possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device; and (2) by its nature or conduct, presents a serious potential risk of physical force against the person or property of another. *Id.* The BOP's determination that Petitioner's offense does not constitute a "nonviolent" offense is well within its discretion under 18 U.S.C. § 3621(e). *See Lopez*, 531 U.S. at 244.

Petitioner's only remaining argument for relief under RDAP is that the Supreme Court and/or the Sentencing Commission allegedly determined that offenses under § 924(c) are no longer crimes of violence. However, Petitioner does not cite any specific legal authority to this effect. To fully address Petitioner's arguments, Respondents suggest that she may be referring to the holding in *United States v. Davis*, 588 U.S. 445 (2019). In *Davis*, the Supreme Court concluded that the residual clause in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. *Id.* at p. 447. The residual clause in 18 U.S.C. § 924(c)(3)(B) defined a crime of violence to include a felony "that by its nature, involves a substantial risk of physical force against the person or property of another may be used

in the course of committing the offense." *See* 18 U.S.C. § 924(c)(3)(B). Because the clause required courts to use a "categorical approach" – in which courts disregarded how a defendant committed a prior crime and instead looked toward an idealized "ordinary case" of that crime – to determine whether it posed the kind of risk identified in the clause, the Supreme Court found that the judicial inquiry produced more arbitrariness and unpredictability than the constitution permits. *Id.* at p. 455 (finding that Congress did not construct a statute that utilized a "case specific" approach). Accordingly, *Davis* does not reflect any broad finding that convictions under § 924(c) are not categorized as "nonviolent" for purposes of § 3621(e) or that the BOP's characterization of the same is improper. Rather, *Davis* is a constitutional decision that does not set out any guidance on statutory interpretation related to Petitioner's argument. The decision has no bearing on the issue at hand. As such, Petitioner's claim for relief under RDAP fails.

**B.     Petitioner's Claim for a Sentence Reduction under the FSA.**

Petitioner also claims she is entitled to have FSA credits applied to her sentence considering "the recent supreme court decision" that § 924(c) crimes no longer constitute crimes of violence. (Doc. 1, p. 3). Respondents argue that Petitioner's conviction for Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c) "necessarily precludes her eligibility to earn time credits under the First Step Act." (Doc. 12, p. 11-12). The Court agrees with Respondents that Plaintiff does not qualify for relief under the FSA.

The FSA, enacted on December 21, 2018, allows eligible inmates to earn time credits toward prerelease custody or transfer to supervised release for participating in

evidence-based recidivism reduction ("EBRR") programs or productive activities. Specifically, 18 U.S.C. § 3632(d)(4)(A)(i)-(ii) provides:

> **(4) Time credits**.—
>
> **(A) In general**. --A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits as follows:
>
> (i) A prisoner shall earn 10 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.
>
> (ii) A prisoner determined by the Bureau of Prisons to be at a minimum or low risk for recidivating, who, over 2 consecutive assessments, has not increased their risk of recidivism, shall earn an additional 5 days of time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.

Subparagraph (D) of this provision further provides that "[a] prisoner is ineligible to receive time credits . . . if the prisoner is serving a sentence for a conviction under . . . Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 3632(d)(4)(D)(xxii). Thus, Petitioner's conviction for Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c) precludes her from earning credits under the FSA.

## CONCLUSION

For these reasons, Petitioner's Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DENIED**. (Doc. 1).

**IT IS SO ORDERED.**

**DATED: May 20, 2024.**

Digitally signed by
Judge Sison
Date: 2024.05.20
13:31:54 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**